[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13133
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00131-CV-5

KIMBERLY R. WELCH,

Plaintiff-Appellant,

versus

MERCER UNIVERSITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 24, 2008)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Kimberly R. Welch, an African-American woman, sued her employer Mercer University under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The district court granted summary judgment to Mercer. On appeal, Welch makes three arguments: (1) that Mercer discriminated against her on the basis of race by failing to promote her and by paying her less than her white counterparts; (2) that Mercer discriminated against her because she was a whistle-blower; and (3) that the district court abused its discretion by suppressing the errata sheet that Welch submitted to correct her deposition testimony.[1] We affirm.

## I.

The district court's grant of summary judgment is reviewed de novo, applying the same standard as the district court. Battle v. Bd. of Regents, 468 F.3d 755, 759 (11th Cir. 2006). Summary judgment is proper "when, taking the facts in the light most favorable to the non-moving party, there is 'no genuine issue as to any material fact.'" Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996).

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

[1] Welch's brief does not present any argument based on her termination from Mercer, nor does it make any argument based on disability discrimination. Accordingly, Welch has abandoned those claims. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 n. 1 (11th Cir. 2001) (holding that claims not raised in the initial appellate brief are abandoned).

employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination under Title VII for failure to promote, a plaintiff must show that "(1) she is a member of a protected class; (2) she was qualified and applied for the promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir. 2004). To establish a prima facie case of wage discrimination, a plaintiff must demonstrate that (1) she is a member of a protected class; (2) she received a lower salary than similarly situated comparators outside the protected class, and (3) she was qualified to receive the higher salary. Cooper v. Southern Co., 390 F.3d 695, 734–35 (11th Cir. 2004) (overruled on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454, 457, 126 S. Ct. 1195, 1197 (2006).

Welch's claims based on Mercer's refusal to promote her and its refusal to increase her salary are intertwined because Mercer's refusal to pay her more was based on its refusal to promote her. Both prima facie cases for discrimination also require the same three key elements: Welch must be a member of a protected class, she must be qualified for the promotion or raise, and she must show that similarly-situated comparators did receive the promotion or higher pay.

3

It is clear that Welch, an African-American woman, is a member of a protected class.  Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1290 (11th Cir. 1998) ("As an African-American, [the plaintiff] is a member of a protected class.").

It is also clear, however, that Welch is not qualified for the promotion and raise that she requested.  See Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 769 (11th Cir.2005) (to show that he is qualified for a position as part of a prima facie case, a plaintiff must satisfy "an employer's objective qualifications."). Mercer University's School of Medicine first hired Welch as a Research Technician in 1993.  Over the years, she was promoted several times within her department, Basic Medical Sciences, and attained the rank of Research Coordinator in 2000.  In 2003, with her immediate supervisor's support, Welch applied for a promotion to "Program Director/Instructor" and a commensurate pay raise.  In short, Welch asked to be promoted from a research position to a faculty position. But Basic Medical Sciences requires all faculty members in its department to have an M.D. or a Ph.D.  Welch had neither degree.  Accordingly, she failed to meet the department's "objective qualifications," see Vessels, 408 F.3d at 769, and her requests for a promotion and pay increase were denied.

Welch argues, however, that two white women in other departments hold the title of Instructor despite lacking an M.D. or Ph.D.  She argues that those women

are valid comparators under Title VII.  A plaintiff must establish that her comparators are "similarly situated in all relevant aspects."  Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).  We have held that a "comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer."  Wilson, 376 F.3d at 1091.

Welch does not contest the district court's finding that each of the eleven different departments of the medical school at Mercer have the authority to set their own standards for hiring faculty members.  Nor does Welch dispute that the two women who were promoted without doctorate degrees work in the Community Medicine department, which is entirely separate from Basic Medical Sciences and has its own different hiring requirements for its faculty members.[2]  Welch cannot show that two white women who work in an entirely different academic department with entirely different standards for promotion are valid comparators under Wilson, which requires that comparators be "nearly identical."  Further, since those other women are faculty members with teaching duties, their responsibilities differ significantly from Welch's, and therefore they are not valid comparators for Welch's disparate pay claim either.

_____

[2] Nor does Welch dispute that the Community Medicine department has several Instructors who do not possess an M.D. or Ph.D., including at least one African-American woman.

5

Welch has failed to show that she is qualified for a faculty position within her department. She has also failed to show that any less or equally qualified individuals were promoted ahead of her, or that any similarly-situated individuals are paid more than her for essentially the same work. Accordingly, she has failed to present a prima facie case for discrimination. The district court properly granted summary judgment to Mercer on Welch's Title VII claims.

## II.

Welch also asserts, for the first time on appeal, a one-sentence "whistle-blower claim." Because "appellate courts generally will not consider an issue or theory that was not raised in the district court," we decline to address this claim. Narey v. Dean, 32 F.3d 1521, 1526 (11th Cir. 1994).

## III.

Finally, Welch contends that the district court committed reversible error by suppressing her errata sheet. Welch delivered her errata sheet to the court reporter more than two months after her deposition transcript became available to her, and she requested sixty-four changes to her testimony. Welch argues that Federal Rule of Civil Procedure 60(a) allows the correction of errors in the record at any time, thus, she believes that she can correct the record regardless of the thirty-day period for corrections specified by Federal Rule of Civil Procedure 30(e).

6

We review a district court's discovery rulings only for abuse of discretion. Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 826 (11th Cir. 2000); see also Huff v. DeKalb County, 516 F.3d 1273, 1276 (11th Cir. 2008) (applying the abuse of discretion standard to a motion to strike affidavit testimony under Rule 30(b)).

Under Rule 30(e), a deponent has thirty days "after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). Welch does not dispute that she took more than sixty days, twice the allowed period, to offer her changes to the court reporter. Instead, Welch argues that her deposition was 327 pages long and that meticulously reviewing it took longer than thirty days. She did not ask the court for extra time to submit her errata sheet.

Further, Welch argues that Rule 60(a) allows her to correct errors in the record at any time. That is incorrect. Rule 60(a) allows the court, on its own motion or the motion of a litigant, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Reading Rule 60(a) the way that Welch

7

does would entirely swallow Rule 30(e) and its thirty-day time limit. Additionally, Rule 60(a) is expressly the prerogative of the court itself, and though a party may ask the court to correct a mistake in the record, Welch never did that in this case. Welch's corrections fell squarely within the scope of Rule 30(e). Welch filed her errata sheet more than a month too late, and the district court did not abuse its discretion in granting Mercer's motion to suppress—in essence, to strike— the proffered corrections. We find no reversible error, and we affirm.

**AFFIRMED.**